**DYKEMA GOSSETT LLP**
Brian H. Newman (SBN 205373)
*bnewman@dykema.com*
Christopher D. Lee (SBN 280738)
*clee@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMED IBRAHIM, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>S & A CAPITAL PARTNERS, INC.;<br>SERVIS ONE, INC. dba BSI FINANCIAL<br>SERVICES; JP MORGAN CHASE BANK,<br>N.A.,<br><br>                Defendants. | Case No. CV17-08727-FMO(RAOx)<br>Assigned to Hon. Fernando M. Olguin<br><br><br>**STIPULATED PROTECTIVE<br>ORDER[1]** |

1.      A.  <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential,

proprietary or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does

---

[1] This Stipulated Protective Order is substantially based on the model
protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  not confer blanket protections on all disclosures or responses to discovery and that

2  the protection it affords from public disclosure and use extends only to the limited

3  information or items that are entitled to confidential treatment under the applicable

4  legal principles.

5         B.    <u>GOOD CAUSE STATEMENT</u>

6         This action is likely to involve trade secrets, valuable commercial, financial,

7  technical, personal, private and/or proprietary information, for which special

8  protection from public disclosure and from use for any purpose other than

9  prosecution of this action is warranted. Such confidential and proprietary materials

10  and information consist of, among other things, confidential business or financial

11  information, information regarding confidential business practices, or other

12  confidential commercial information (including information implicating privacy

13  rights of third parties), information otherwise generally unavailable to the public, or

14  which may be privileged or otherwise protected from disclosure under state or federal

15  statutes, court rules, case decisions, or common law. Accordingly, to expedite the

16  flow of information, to facilitate the prompt resolution of disputes over

17  confidentiality of discovery materials, to adequately protect information the parties

18  are entitled to keep confidential, to ensure that the parties are permitted reasonable

19  necessary uses of such material in preparation for and in the conduct of trial, to

20  address their handling at the end of the litigation, and serve the ends of justice, a

21  protective order for such information is justified in this matter. It is the intent of the

22  parties that information will not be designated as confidential for tactical reasons and

23  that nothing be so designated without a good faith belief that it has been maintained

24  in a confidential, non-public manner, and there is good cause why it should not be

25  part of the public record of this case.

26         C.    <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

27         The parties further acknowledge, as set forth in Section 12.3, below, that this

28  Stipulated Protective Order does not entitle them to file confidential information

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

2  the standards that will be applied when a party seeks permission from the court to file

3  material under seal.

4        There is a strong presumption that the public has a right of access to judicial

5  proceedings and records in civil cases. In connection with non-dispositive motions,

6  good cause must be shown to support a filing under seal. See Kamakana v. City and

7  County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors

8  Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics,

9  Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

10  good cause showing), and a specific showing of good cause or compelling reasons

11  with proper evidentiary support and legal justification, must be made with respect to

12  Protected Material that a party seeks to file under seal. The parties' mere designation

13  of Disclosure or Discovery Material as CONFIDENTIAL does not—without the

14  submission of competent evidence by declaration, establishing that the material

15  sought to be filed under seal qualifies as confidential, privileged, or otherwise

16  protectable—constitute good cause.

17        Further, if a party requests sealing related to a dispositive motion or trial, then

18  compelling reasons, not only good cause, for the sealing must be shown, and the

19  relief sought shall be narrowly tailored to serve the specific interest to be protected.

20  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each

21  item or type of information, document, or thing sought to be filed or introduced under

22  seal in connection with a dispositive motion or trial, the party seeking protection must

23  articulate compelling reasons, supported by specific facts and legal justification, for

24  the requested sealing order. Again, competent evidence supporting the application to

25  file documents under seal must be provided by declaration.

26        Any document that is not confidential, privileged, or otherwise protectable in

27  its entirety will not be filed under seal if the confidential portions can be redacted. If

28  documents can be redacted, then a redacted version for public viewing, omitting only

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

    2.1    Action:  this pending federal lawsuit.

    2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.9    Non-Party:  any natural person, partnership, corporation, association or

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1 other legal entity not named as a Party to this action.

2    2.10  Outside Counsel of Record:  attorneys who are not employees of a party

3 to this Action but are retained to represent or advise a party to this Action and have

4 appeared in this Action on behalf of that party or are affiliated with a law firm that

5 has appeared on behalf of that party, and includes support staff.

6    2.11  Party:  any party to this Action, including all of its officers, directors,

7 employees, consultants, retained experts, and Outside Counsel of Record (and their

8 support staffs).

9    2.12  Producing Party:  a Party or Non-Party that produces Disclosure or

10 Discovery Material in this Action.

11    2.13  Professional Vendors:  persons or entities that provide litigation support

12 services (e.g., photocopying, videotaping, translating, preparing exhibits or

13 demonstrations, and organizing, storing, or retrieving data in any form or medium)

14 and their employees and subcontractors.

15    2.14  Protected Material:  any Disclosure or Discovery Material that is

16 designated as "CONFIDENTIAL."

17    2.15  Receiving Party:  a Party that receives Disclosure or Discovery Material

18 from a Producing Party.

19

20 3.    SCOPE

21    The protections conferred by this Stipulation and Order cover not only

22 Protected Material (as defined above), but also (1) any information copied or

23 extracted from Protected Material; (2) all copies, excerpts, summaries, or

24 compilations of Protected Material; and (3) any testimony, conversations, or

25 presentations by Parties or their Counsel that might reveal Protected Material.

26    Any use of Protected Material at trial shall be governed by the orders of the

27 trial judge. This Order does not govern the use of Protected Material at trial.

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

4.     DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1          5.2     Manner and Timing of Designations. Except as otherwise provided in

2    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

3    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

4    under this Order must be clearly so designated before the material is disclosed or

5    produced.

6          Designation in conformity with this Order requires:

7          (a)     for information in documentary form (e.g., paper or electronic

8    documents, but excluding transcripts of depositions or other pretrial or trial

9    proceedings), that the Producing Party affix at a minimum, the legend

10   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

11   contains protected material. If only a portion of the material on a page qualifies for

12   protection, the Producing Party also must clearly identify the protected portion(s)

13   (e.g., by making appropriate markings in the margins).

14         A Party or Non-Party that makes original documents available for inspection

15   need not designate them for protection until after the inspecting Party has indicated

16   which documents it would like copied and produced. During the inspection and

17   before the designation, all of the material made available for inspection shall be

18   deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

19   it wants copied and produced, the Producing Party must determine which documents,

20   or portions thereof, qualify for protection under this Order. Then, before producing

21   the specified documents, the Producing Party must affix the "CONFIDENTIAL

22   legend" to each page that contains Protected Material. If only a portion of the

23   material on a page qualifies for protection, the Producing Party also must clearly

24   identify the protected portion(s) (e.g., by making appropriate markings in the

25   margins).

26         (b)     for testimony given in depositions that the Designating Party identifies

27   the Disclosure or Discovery Material on the record, before the close of the deposition

28   all protected testimony.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1    7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

2       7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

3 disclosed or produced by another Party or by a Non-Party in connection with this

4 Action only for prosecuting, defending or attempting to settle this Action. Such

5 Protected Material may be disclosed only to the categories of persons and under the

6 conditions described in this Order. When the Action has been terminated, a Receiving

7 Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

8       Protected Material must be stored and maintained by a Receiving Party at a

9 location and in a secure manner that ensures that access is limited to the persons

10 authorized under this Order.

11       7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

12 otherwise ordered by the court or permitted in writing by the Designating Party, a

13 Receiving Party may disclose any information or item designated

14 "CONFIDENTIAL" only to:

15       (a)     the Receiving Party's Outside Counsel of Record in this Action, as well

16 as employees of said Outside Counsel of Record to whom it is reasonably necessary

17 to disclose the information for this Action;

18       (b)     the officers, directors, and employees (including House Counsel) of the

19 Receiving Party to whom disclosure is reasonably necessary for this Action;

20       (c)     Experts (as defined in this Order) of the Receiving Party to whom

21 disclosure is reasonably necessary for this Action and who have signed the

22 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23       (d)     the court and its personnel;

24       (e)     court reporters and their staff;

25       (f)     professional jury or trial consultants, mock jurors, and Professional

26 Vendors to whom disclosure is reasonably necessary for this Action and who have

27 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1    If the Designating Party timely seeks a protective order, the Party served with

2  the subpoena or court order shall not produce any information designated in this

3  action as "CONFIDENTIAL" before a determination by the court from which the

4  subpoena or order issued, unless the Party has obtained the Designating Party's

5  permission. The Designating Party shall bear the burden and expense of seeking

6  protection in that court of its confidential material and nothing in these provisions

7  should be construed as authorizing or encouraging a Receiving Party in this Action to

8  disobey a lawful directive from another court.

9

10  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

11       PRODUCED IN THIS LITIGATION

12    (a)    The terms of this Order are applicable to information produced by a

13  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

14  produced by Non-Parties in connection with this litigation is protected by the

15  remedies and relief provided by this Order. Nothing in these provisions should be

16  construed as prohibiting a Non-Party from seeking additional protections.

17    (b)    In the event that a Party is required, by a valid discovery request, to

18  produce a Non-Party's confidential information in its possession, and the Party is

19  subject to an agreement with the Non-Party not to produce the Non-Party's

20  confidential information, then the Party shall:

21    (1)    promptly notify in writing the Requesting Party and the Non-Party

22  that some or all of the information requested is subject to a confidentiality agreement

23  with a Non-Party;

24    (2)    promptly provide the Non-Party with a copy of the Stipulated

25  Protective Order in this Action, the relevant discovery request(s), and a reasonably

26  specific description of the information requested; and

27    (3)    make the information requested available for inspection by the

28  Non-Party, if requested.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1    (c)    If the Non-Party fails to seek a protective order from this court within 14

2 days of receiving the notice and accompanying information, the Receiving Party may

3 produce the Non-Party's confidential information responsive to the discovery request.

4 If the Non-Party timely seeks a protective order, the Receiving Party shall not

5 produce any information in its possession or control that is subject to the

6 confidentiality agreement with the Non-Party before a determination by the court.

7 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

8 of seeking protection in this court of its Protected Material.

9

10 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12 Protected Material to any person or in any circumstance not authorized under this

13 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

14 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

15 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

16 persons to whom unauthorized disclosures were made of all the terms of this Order,

17 and (d) request such person or persons to execute the "Acknowledgment and

18 Agreement to Be Bound" that is attached hereto as Exhibit A.

19

20 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

21    PROTECTED MATERIAL

22    When a Producing Party gives notice to Receiving Parties that certain

23 inadvertently produced material is subject to a claim of privilege or other protection,

24 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

26 may be established in an e-discovery order that provides for production without prior

27 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

28 parties reach an agreement on the effect of disclosure of a communication or

-12-        CV17-08727-FMO(RAOx)

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  information covered by the attorney-client privilege or work product protection, the

2  parties may incorporate their agreement in the stipulated protective order submitted to

3  the court.

4

5  12.  MISCELLANEOUS

6      12.1  Right to Further Relief. Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8      12.2  Right to Assert Other Objections. By stipulating to the entry of this

9  Protective Order, no Party waives any right it otherwise would have to object to

10  disclosing or producing any information or item on any ground not addressed in this

11  Stipulated Protective Order. Similarly, no Party waives any right to object on any

12  ground to use in evidence of any of the material covered by this Protective Order.

13      12.3  Filing Protected Material. A Party that seeks to file under seal any

14  Protected Material must comply with Local Civil Rule 79-5. Protected Material may

15  only be filed under seal pursuant to a court order authorizing the sealing of the

16  specific Protected Material at issue. If a Party's request to file Protected Material

17  under seal is denied by the court, then the Receiving Party may file the information in

18  the public record unless otherwise instructed by the court.

19

20  13.  FINAL DISPOSITION

21      After the final disposition of this Action, as defined in paragraph 4, within 60

22  days of a written request by the Designating Party, each Receiving Party must return

23  all Protected Material to the Producing Party or destroy such material. As used in this

24  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

25  summaries, and any other format reproducing or capturing any of the Protected

26  Material. Whether the Protected Material is returned or destroyed, the Receiving

27  Party must submit a written certification to the Producing Party (and, if not the same

28  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

STIPULATION AND PROTECTIVE ORDER

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1  (by category, where appropriate) all the Protected Material that was returned or

2  destroyed and (2) affirms that the Receiving Party has not retained any copies,

3  abstracts, compilations, summaries or any other format reproducing or capturing any

4  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

5  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

6  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

7  reports, attorney work product, and consultant and expert work product, even if such

8  materials contain Protected Material. Any such archival copies that contain or

9  constitute Protected Material remain subject to this Protective Order as set forth in

10  Section 4 (DURATION).

11

12  14.    <u>VIOLATION</u>

13       Any violation of this Order may be punished by appropriate measures

14  including, without limitation, contempt proceedings and/or monetary sanctions.

15

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18  Dated:  March 21, 2018                    MARTORELL LAW APC

19

20                                            By:  *s/Megan Atkinson*
                                                   Eduardo Martorell
                                                   Megan Atkinson
21                                                 Attorneys for Plaintiff
                                                   MOHAMED IBRAHIM
22
                                            DYKEMA GOSSETT LLP
23
    Dated:  March 21, 2018
24
                                            By:  s/*Christopher D. Lee*
25                                                 Ashley Fickel
                                                   Christopher D. Lee
26                                                 Attorneys for Defendant
                                                   JPMORGAN CHASE BANK, N.A.
27

28

STIPULATION AND PROTECTIVE ORDER

SCHEER LAW GROUP, LLP

Dated:  March 21, 2018

By:  s/*Jonathan Seigel*
    Jonathan Seigel
    Attorneys for Defendants
    S&A CAPITAL PARTNERS, INC.,
    SERVIS ONE, INC. dba BSI FINANCIAL
    SERVICES

## L. R. 5-4.3.4(a)(2)(i) Attestation

I, the filer of this document, attest that all other signatories listed, on whose behalf the filing is submitted, concur in the content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: March 22, 2018

Honorable Rozella A. Oliver
United States Magistrate Judge

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of [print or type full

4  address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States

6  District Court for the Central District of California on [date] in the case of

7  _____ **[insert formal name of the case and the number and initials**

8  **assigned to it by the court]**. I agree to comply with and to be bound by all the terms

9  of this Stipulated Protective Order and I understand and acknowledge that failure to

10 so comply could expose me to sanctions and punishment in the nature of contempt. I

11 solemnly promise that I will not disclose in any manner any information or item that

12 is subject to this Stipulated Protective Order to any person or entity except in strict

13 compliance with the provisions of this Order.

14    I further agree to submit to the jurisdiction of the United States District Court

15 for the Central District of California for enforcing the terms of this Stipulated

16 Protective Order, even if such enforcement proceedings occur after termination of

17 this action.

18    I hereby appoint _____ [print or type full name] of

19 _____ [print or type full address and

20 telephone number] as my California agent for service of process in connection with

21 this action or any proceedings related to enforcement of this Stipulated Protective

22 Order.

23 Date:_____

24 City and State where sworn and signed:_____

25

26 Printed name:_____

27

28 Signature:_____

-16-        CV17-08727-FMO(RAOx)

STIPULATION AND PROTECTIVE ORDER