MARTORELL LAW APC
Eduardo Martorell State Bar No. 240027
EMartorell@Martorell-Law.com
Megan Atkinson, State Bar No. 282648
MAtkinson@Martorell-Law.com
Howard Hughes Center
6100 Center Drive, Suite 1130
Los Angeles, CA  90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Former attorneys for Plaintiff,
MOHAMED IBRAHIM

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED IBRAHIM, an individual, | Case No. 2:17-CV-08727-FMO-RAO |
| Plaintiff, | **NOTICE OF ATTORNEY'S LIEN OF MARTORELL LAW APC** |
| v. | Complaint Filed:   December 4, 2017 |
| S & A CAPITAL PARTNERS, INC; SERVIS ONE, INC. dba BSI FINANCIAL SERVICES; JP MORGAN CHASE BANK, N.A., | Trial Set:              February 19, 2019 |
| Defendants. | |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that Martorell Law APC (collectively, "Attorney"), former counsel for Plaintiff **Mohamed Ibrahim** ("Plaintiff") in the above-captioned matter, in accordance with the terms of the written fee agreement between Attorney and Plaintiff and separately under all applicable law including but not limited to the authorities cited below, holds a lien of first priority, first in time and senior to all other interest-holders: on all of Plaintiff's claims and causes of action asserted in this matter, on any judgment rendered in favor of Plaintiff in this matter, and on any recovery obtained by Plaintiff in this matter whether by settlement, judgment, or otherwise.  Said lien is to secure payment for legal services rendered and costs and expenses incurred on behalf of Plaintiff.  **No party should release any funds without resolution of Attorney's lien, and no payments should be made without including Attorney's name on the settlement check, payment, or draft or otherwise resolving and obtaining Attorney's release of lien.**  See, e.g., *Siciliano v. Fireman's Fund Ins. Co.,* 62 Cal. App. 3d 745, 749-52 (1976) (causes of action properly pleaded against payor who pays money to plaintiff in underlying action without protecting prior attorney's asserted attorney lien), 752 (contingent-fee contract gives attorney lien upon the recovery, "and the attorney is regarded as an equitable assignee of the judgment or settlement to the extent of fees and costs which are due him for services"); *Valenta v. Regents of Univ. of Cal.,* 231 Cal App. 3d 1465, 1470 (1991) ("Clearly, the practice of filling a notice of lien in a pending action is permissible, and even advisable."); *Hansen v. Haywood,* 186 Cal. App. 3d 350, 355-56 (1986) (attorney's lien survives discharge and exists regardless whether notice is provided or the timing that notice is given); *Centenko v United Cal. Bank,* 30 Cal. 3d 528 (1982); *Levin v. Gul Ins. Group*, 69 Cal App. 4th 1282, 1287-88 (1999) (payors of settlements or in judgments "are liable for intentional

interference with the prospective economic advantage of a discharged attorney when, after receiving a notice of lien for attorney fees and costs filed in the case by the discharged attorney, they pay his former client and the latter's new attorney in settlement or in satisfaction of a judgment with knowledge of the lien").

Dated: July 31, 2018                   MARTORELL LAW APC


By:   /s/ Eduardo Martorell
                                              Eduardo Martorell
                                              Megan Atkinson
                                              Former attorneys for Plaintiff,
                                              MOHAMED IBRAHIM