# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):               Attorney Present for Defendant(s):

None Present                                                    None Present

**Proceedings:**        **(In Chambers) Order Re: Motions to Dismiss**

Having reviewed and considered all the briefing filed with respect to defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss First Amended Complaint (Dkt. 28, Chase Motion), the court finds oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND[1]

On December 4, 2017, plaintiff Mohamed Ibrahim ("plaintiff" or "Ibrahim") filed a pro se Complaint against S & A Capital Partners, Inc. ("S&A"), Servis One Inc. dba BSI Financial Services's ("BSI" and together with S&A, "S&A defendants"), and Chase (collectively, "defendants") asserting claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.; (2) fraud; and (3) an accounting. (See Dkt. 1, Complaint). After the court granted Chase's motion to dismiss, (see Dkt. 15, Court's Order of January 16, 2018), plaintiff, represented by counsel,[2] filed the operative Verified First Amended Complaint ("FAC"). (See Dkt. 22, FAC). The FAC asserts claims for: (1) violations of the FDCPA (against S&A and BSI); (2)-(3) breach of written contract (against Chase); (4) quiet title (against S&A); (5) slander of title (against S&A); (6) accounting (against all defendants); (7) violation of the California Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.4, et seq. (against S&A and BSI); (8) declaratory relief (against S&A and BSI); and (9) violation of California's Business & Professions Code ("UCL"), §§ 17200, et seq. (against all defendants). (See id. at ¶¶ 26-55).

Plaintiff alleges that on or about November 12, 2005, he obtained a line of credit from

---

[1] Because the court has not relied on any extrinsic documents in deciding the Motion, the court denies as moot defendant's request for judicial notice.

[2] While the instant Motion was pending, plaintiff's counsel withdrew as counsel and plaintiff substituted in pro se. (See Dkt. 48).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

Washington Mutual ("WAMU"), in the amount of $80,000 ("LOC 1").  (See Dkt. 22, FAC at ¶ 12). According to plaintiff, as evidence of the line of credit, he executed a promissory note, and a deed of trust ("DOT 1") against his property located on N. Wilton Place, in Los Angeles, California ("subject property").  (See id. at ¶¶ 1, 12).  On or about March 17, 2006, plaintiff and WAMU entered into a modification agreement whereby the line of credit was increased by $20,000, raising the total principal amount to $100,000. (See id. at ¶ 13 & Exh. 1).  The lender, beneficiary, and trustee on DOT 1 was WAMU.  However, all rights to collect on DOT 1 were transferred to Chase through a merger between Chase and WAMU.  (See id. at ¶ 12).

On or about November 25, 2005, plaintiff obtained a second line of credit from Chase in the amount of $80,000 ("LOC 2"), (see Dkt. 22, FAC at ¶ 14), which is evidenced by a promissory note and secured by a deed of trust ("DOT 2") on the subject property.  (See id. at ¶ 14 & Exh. 2).  The lender, beneficiary, and trustee on DOT 2 was Chase.  (See id. at ¶ 14).  On or about June 15, 2009, Chase assigned all beneficial interests under DOT 2 to S&A, (see id. at ¶ 15 & Exh. 3), and S&A appointed BSI as the servicer of LOC 2.

On or about November 5, 2009, S&A, BSI, and a third party caused to be recorded a notice of default and election to sell under DOT 2, (see Dkt. 22, FAC at ¶ 16), and on February 8, 2010, a notice of trustee's sale was recorded.  (See id. at ¶ 17).  However, on approximately August 13, 2010, the notice of default was rescinded because "plaintiff had not used or borrowed funds associated with [DOT] 2 and did not owe any amounts to S&A."  (See id. at ¶ 18).

Plaintiff alleges that S&A and BSI are asserting "another state of default," (see Dkt. 22, FAC at ¶ 19), and caused a notice of default and election to sell to be recorded on October 16, 2015.  (See id.).  On February 1, 2016, S&A and BSI sent plaintiff a notice of default and intent to accelerate, (see id. at ¶ 20 & Exh. 4), and on August 25, 2016, a notice of trustee's sale was recorded with a sale date of September 21, 2016.  (See id. at ¶ 21).  On August 15, 2017, another notice of trustee's sale was recorded with a sale date of September 8, 2017.[3]  (See id. at ¶ 22).

Plaintiff avers that although he "obtained the second line of credit, he subsequently never intended to use or borrow funds associated with [DOT] 2.  He genuinely believed he had not borrowed these funds and therefore filed the original Complaint [because h]e wanted to prevent S&A and BSI from foreclosing upon the [subject property] based upon this non-existent debt." (Dkt. 22, FAC at ¶ 23).  According to plaintiff, "[i]f it is proven during this action that he did draw on the second line of credit. . . , it would be the result of Defendants' transactions between themselves only (including a merger), which were unknown to Plaintiff."  (Id. at ¶ 24).  Plaintiff claims that defendants have not provided him with a HUD-1 statement or accounting ledgers

---

[3]  The next version of the complaint should explain why the trustee's sale did not occur on September 21, 2016, and what happened between that date and August 15, 2017, when another trustee's sale was recorded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

evidencing the validity of the debt attributed to DOT 2.[4]  (Id. at ¶ 25).

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).  Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005).  Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Moreover, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure

---

[4]  After informally advising the court that plaintiff had settled with unidentified defendants, plaintiff's counsel subsequently filed a Notice of Settlement stating that plaintiff had settled his claims with the S&A defendants.  (See Dkt. 40, Notice of Settlement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

9(b)[5] requires that those allegations be pled with particularity.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and quotation marks omitted). The complaint must set out the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (superseded by statute on other grounds)).  "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  Id. (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds)).

**DISCUSSION**

I.      CHASE'S MOTION.

Chase contends that plaintiff's breach of contract claims (claims 2 and 3) should be dismissed because they fail to state a claim.  (See Dkt. 28, Chase Motion at 6-8).  The court agrees.  With respect to breach of DOT 1, the court agrees that plaintiff has failed to state a claim since the FAC does not allege that any foreclosure proceedings were ever undertaken with respect to LOC 1.  (See, generally, Dkt. 22, FAC at ¶¶ 12-13; Claim 2 ¶¶ 1-7).  With respect to DOT 2, plaintiff alleges that in June 2009, "Chase assigned all beneficial interest under [DOT] 2 to S&A" and that S&A "appointed BSI as the servicer[.]"  (Id. at ¶¶ 15).  The foreclosure proceedings at issue began in October 2015, (see id. at ¶ 19-23), six years after Chase is alleged to have assigned its interests in DOT 2 to S&A.  Thus, this claim will be dismissed.

Plaintiff also fails to state a claim for an accounting, (claim 6).  Plaintiff does not dispute that there is no fiduciary relationship between the parties.  (See, generally, Dkt. 31, Plaintiff's Opposition to Chase's Motion to Dismiss ("Opp.") at 6).  Instead, plaintiff argues that an accounting may nonetheless be ordered when the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable, such as in this case where "there were multiple lines of credit, a modification, different banks, a merger, and a disputed history going back thirteen years."  (See id. at 6-7).  However, the FAC does not set forth factual allegations regarding such complexity. (See, generally, Dkt. 22, FAC); see also Lee v. Impac Funding Corp., 2012 WL 13009140, *8 (C.D. Cal. 2012) ("The Complaint lacks allegations of complexity or a

---

        [5] All further "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

fiduciary relationship to support the claim for an accounting.").  Instead, plaintiff alleges that he obtained two lines of credit for $100,000 and $80,000.  According to plaintiff, he did not intend to withdraw from the second line of credit, and if he actually did, it was defendants' fault.  (See Dkt. 22, FAC at ¶¶ 23-24, 34-35).  Determining whether plaintiff actually did withdraw from the second line of credit would not be complicated as it would be apparent from a review of the account statements.  This claim will also be dismissed.

With respect to the UCL claim, (claim 9), plaintiff alleges that Chase engaged in unlawful business practices when "it changed loan numbers without notice when billing Plaintiff" and, as a result, "Plaintiff was confused when he was alleged to be in a state of default."  (See Dkt. 22, FAC at ¶ 52).  Plaintiff does not elaborate on this allegation, but again alleges that he intended to only draw from LOC 1 and intended to make payments as to LOC 1.  (Id.).  Again, plaintiff's allegations are insufficient.  As an initial matter, the FAC does not identify any law that Chase violated by allegedly changing the loan numbers.  (See, generally, Dkt. 22, FAC at ¶¶ 50-55); see Saunders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994) (unlawful business practices are those "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made").

Moreover, to state a claim under the UCL, a plaintiff must allege that defendant engaged in an "unlawful, unfair or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200, which caused plaintiff to suffer an "injury in fact" and to have "lost money or property[.]"  Id. at § 17204; Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) ("To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'").  Here, plaintiff's allegation that he has suffered an injury in fact because his interest in the subject property has been placed in jeopardy, (see Dkt. 22, FAC at ¶ 55), is insufficient.  See Rocha v. CIT Bank, N.A., 2018 WL 1609636, *5 (N.D. Cal. 2018) (finding plaintiffs failed to allege economic injury since foreclosure sale had been postponed); Kaurloto v. U.S. Bank, N.A., 2016 WL 6808117, *8 (C.D. Cal. 2016) ("Because the sale has not occurred Plaintiff does not allege a loss of money or property.").  Plaintiff's remaining allegation is conclusory.[6]  (See Dkt. 22, FAC at ¶ 55).  Thus, this claim will be dismissed.

II.     LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit requires that this policy favoring amendment "be applied with extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Given plaintiff's request for leave to amend, (see Dkt. 31,

---

[6]  Chase also raised statute of limitations arguments with respect to plaintiff's claims. However, the court finds that such claims are best addressed in a motion for summary judgment because the timeliness of the claims are not apparent from the face of the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
|---|---|---|---|
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

Opp. at 10), the court will grant plaintiff one final opportunity to amend the complaint.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

<u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED THAT:

1.  Chase's Motion to Dismiss First Amended Complaint **(Document No. 28)** is **granted**.

2.  The First Amended Complaint (**Document No. 22**) is **dismissed with leave to amend**.

3.  If plaintiff still wishes to pursue this action, he is granted until **September 10, 2018**, to file a second amended complaint consistent attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion.  The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4.  The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5.  Plaintiff is cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6.     Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **September 24, 2018**.

7.  In the event defendant wishes to file another motion to dismiss, the meet and confer requirement is waived for purposes of such motion only.

8.  Defendants S&A Capital Partners, Inc.'s and Servis One Inc. dba BSI Financial Service's Motion to Dismiss **(Document No. 26)** is **denied as moot**.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8727 FMO (RAOx)** | Date | **August 20, 2018** |
| Title | **Mohamed Ibrahim v. S & A Capital Partners, Inc, et al.** | | |

00 : 00

Initials of Preparer            vdr